UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| MICHAEL BURRISS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV423-278 |
| | ) | |
| CHATHAM COUNTY SUPREIOR COURT, AND STATE OF GEORGIA, | ) ) ) ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* petitioner Michael Burriss has filed the instant petition for release from state custody, pursuant to 28 U.S.C. § 2241. *See generally* doc. 1. He moves to proceed *in forma pauperis*. Doc. 3. Since it appears that he lacks sufficient funds to pay the filing fee, that Motion is **GRANTED**.[1] Doc. 3. The Court, therefore, proceeds to screen the Petition. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly

---

[1] While Burriss' disclosure of $220.00 in deposits to his prison trust account in the past six months might disqualify him from proceeding *in forma pauperis*, he discloses a negative balance. Doc. 3 at 2. Since, as explained below, it is clear that his Petition must be dismissed as unexhausted, further inquiry into his financial status is moot. *Cf. Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) ("[P]ermission to . . . proceed [*in forma pauperis*] is committed to the sound discretion of the court." (citation omitted)).

1

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").[2]

Burriss alleges that he was arrested in April 2020 for riding a bicycle on the sidewalk, and the "notice" of his appearance on that arrest was incorrectly addressed. *See* doc. 1 at 6. He also alleges that he was not read his rights, as required under *Miranda v. Arizona*, 384 U.S. 436 (1966). *Id.* He alleges that no valid charging instrument has been issued. *Id.* at 7. As relief he seeks dismissal of the instant charges and monetary damages "for unlawful incarceration." *Id.* His recitation of the procedural history alleges that his "first appeal" involved a letter to a state public defender. *Id.* at 2. His second appeal involved a letter to the Clerk of the Chatham County Superior Court. *Id.* at 2-3. His third appeal involved a filing or filings, perhaps a Motion to Dismiss, filed in the Superior Court. *Id.* at 3-4. The earliest date he alleges he filed anything in the Superior Court was June 23, 2023. *Id.* at 4. He alleges that he filed an appeal of some description in the "U.S. Court of Appeals of

---

[2] The Rules Governing Section 2254 Cases also govern petitions pursuant to § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases.

Georgia," on either August or September 11, 2023. *Id.* at 5. He alleges that that proceeding is "pending." *Id.*

Burriss' claim for monetary damages can be resolved with dispatch. Monetary relief is not available in a habeas case. *See, e.g., Furnace v. Giurbino*, 838 F.3d 1019, 1026 (9th Cir. 2016) ("Habeas, by its very nature, is an action to challenge 'the fact or length of custody' for which the remedy is release from custody, *Wolff v. McDonnell*, 418 U.S. 539, 554 . . . (1974); it is not action in damages, *Preiser v. Rodriguez*, 411 U.S. 475, 494 . . . (1973)."); *McKinney-Bey v. Hawk-Sawyer*, 69 F. App'x 113, 113 (4th Cir. 2003) ("To the extent that [Petitioner] sought money damages, such relief is not available under § 2241."). To the extent that Burris seeks monetary damages, under any legal theory, he must file a separate civil action.[3] Since monetary relief is not available in this § 2241 proceeding, his monetary damages claims should be **DISMISSED**.

As a pretrial detainee, a § 2241 petition is the proper means for Burriss to seek release from custody.[4] *See, e.g., Hiteshaw v. Butterfield*,

---

[3] The Court notes that Burriss has filed multiple civil actions for damages apparently arising from the same events at issue in the instant Petition. *See, e.g., Burriss v. Villegas*, CV423-228, doc. 1 (S.D. Ga. Aug. 14, 2023).

[4] Although § 2241 provides the appropriate rubric for Burriss' claims, the proper respondent on such petitions is his present custodian, not the Superior Court in which his prosecution is pending or the State of Georgia. *See, e.g., Rumsfeld v. Padilla*, 542

3

262 F. App'x 162, 164 (11th Cir. 2008) ("[A] pre-trial detainee . . . is not in custody pursuant to any state court judgment, and his habeas petition should . . . [be] treated as a § 2241 petition."). The Eleventh Circuit has explained, however, that "a district court may not grant a § 2241 petition unless the petitioner has exhausted all available state remedies." *Johnson v. Florida*, 32 F.4th 1092, 1095-96 (11th Cir. 2022) (internal quotation marks and citation omitted). The Court explained that exhaustion has two essential elements: (1) "a federal claim must be fairly presented to the state courts," and (2) "a prisoner must take his claim to the state's highest court, either on direct appeal or on collateral review." *Id.* at 1096 (internal quotation marks and citations omitted). Under Georgia law, "[a]ny person restrained of his liberty under any pretext whatsoever, except under sentence of a state court of record, may seek a writ of habeas corpus to inquire into the legality of the restraint." O.C.G.A. § 9-14-1(a). Burriss must exhaust all available remedies provided under state law before he can seek relief in this Court. *Cf. Daker v. Sapp*, 2019 WL 3713713, at *6 (S.D. Ga. Aug. 6, 2019) ("Federal habeas

---

U.S. 426, 434-45 (2004). Since, as explained below, Burriss' Petition appears, at least, premature regardless of the party respondent, the Court need not consider who the proper respondent might be.

4

corpus should not be used as a pretrial motion forum for state prisoners." (internal quotation marks and citation omitted)).[5] Burriss' presentation of the procedural history of his claims indicates that, to the extent they have been presented to any court at all, they certainly have not been presented to the "state's highest court," *i.e.* the Supreme Court of Georgia.

This Court should also abstain from hearing this case pursuant to the Supreme Court's opinion in *Younger v. Harris*, 401 U.S. 37 (1971). *See Johnson*, 32 F.4th at 1099 (explaining that an unexhausted § 2241 petition "is barred for another independent reason: the application of the abstention doctrine under *Younger v. Harris* . . . ."). The Eleventh Circuit has recently denied a Certificate of Appealability in a state pre-trial detainee's habeas proceeding, concluding that "reasonable jurists would not debate" that dismissal of a § 2241 petition was proper, pursuant to *Younger*. *See Lewis v. Broward Cnty. Sheriff Office*, 2021 WL 5217718, at *1 (11th Cir. Nov. 9, 2021). The Court explained that "when a

---

[5] To the extent that the Court has misconstrued Burriss' ambiguous allegations concerning any proceedings relevant to his exhaustion of available state remedies, the fourteen-day period for him to object to this Report and Recommendation provides him an opportunity to clarify them. The Clerk is **DIRECTED** to send a blank copy of Form AO 242 (Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241) with this Order and Report and Recommendation for Berg's convenience.

petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the *Younger* abstention hurdles before the federal courts can grant such relief.'" *Id.* (quoting *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004)).

"The Supreme Court set out three exceptions to the [*Younger*] abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate, alternative state forum where the constitutional issues can be raised." *Lewis,* 2021 WL 5217718, at * 1 (citing *Younger*, 401 U.S. at 45, 53-54). The court concluded: "Application of the *Younger* abstention doctrine is, therefore, appropriate when the federal constitutional claims at issue can be raised in an ongoing state court proceeding and the individual seeking relief has not established that he lacks an adequate opportunity to present those claims in the state proceeding." *Id.* (citing *Younger*, 401 U.S. at 49). There is nothing in Burriss' Petition that suggests his claims fall into any of the three exceptions to *Younger*.

The face of Burriss' Petition shows, therefore, that his claims are unexhausted and that they appear to be barred by *Younger* abstention. Accordingly, the petition should be **DISMISSED**. This Report and

Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage

7

of the litigation, so no COA should issue.  28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal).  And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 27th day of September, 2023.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA